UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

NED JAMES 3rd,                        )
                                      )
   Plaintiff,                         )
                                      )
   v.                                 )      17-CV-1261
                                      )
DAIDRA MARANO, et al.,                )
                                      )
                                      )
   Defendants.                        )

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that female staff are not allowed to speak with Plaintiff because of Plaintiff's case, presumably Plaintiff's criminal case.  According to the IDOC website, Plaintiff must register as a sex offender and is serving a 2014 conviction until the year 2070 for home invasion, aggravated criminal sexual assault, and armed robbery.  www.illinois.gov/idoc (last visited 7/24/17).  Dr. Marano, who is a female mental health professional, has told Plaintiff that she does not talk to rapists or predators.  Defendant Moss, another female mental health professional, has allegedly told other inmates why Plaintiff is incarcerated and that she hates Plaintiff.

On November 16, 2016, Plaintiff was placed on a crisis watch after Defendant Moss embarrassed Plaintiff by telling him in front of inmates that female staff were not allowed to speak to Plaintiff. While on crisis watch, Officer Madrigal gave Plaintiff a tooth brush, even though tooth brushes are not permitted for inmates on crisis watch.  When Sergeant Dyer tried to retrieve the tooth brush,

Plaintiff withheld the tooth brush in the hopes of bargaining for an extra food tray. Sergeant Dyer than sprayed mace in Plaintiff's face twice. Plaintiff yelled that he had asthma and could not breathe, but Sergeant Dyer only laughed. The other defendants failed to take action after Plaintiff told them about this incident.

Plaintiff also alleges that the mental health professionals that are allowed to talk to Plaintiff have ignored Plaintiff, particularly, Plaintiff's need for help dealing with a sexual assault in Menard Correctional Center. Plaintiff also alleges that he has been told that he is not in some group therapies because of Plaintiff's lawsuits.

Plaintiff arguably states an Eighth Amendment excessive force claim against Sergeant Dyer for the mace spraying. However, Plaintiff states no claim for failing to protect him from that force. The other defendants were not informed of the incident until after the incident occurred. The other defendants are not liable for failing to take the corrective action Plaintiff wanted. <u>Soderbeck v. Burnett County</u>, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). Plaintiff also

states no claim based on the tooth brush he was given on crisis watch. Plaintiff did not harm himself or anyone else with the tooth brush.

The rest of Plaintiff's allegations, if any of the allegations state a claim, are not properly joined in this case. <u>Wheeler v. Wexford Health Sources, Inc.</u>, 689 F.3d 680, 683 (7th Cir. 2012)("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . ."). Plaintiff's lawsuits should each be "confined to one group of injuries and defendants." <u>Kadamovas v. Stevens</u>, 706 F.3d 843, 846 (7th Cir. 2013)(*quoting* <u>Wheeler</u>, 689 F.3d at 683). The Court will dismiss all the defendants, other than Sergeant Dyer, as improperly joined. The Court states no opinion on whether Plaintiff's other allegations state a federal claim. If Plaintiff decides to file a new lawsuit on the other allegations, the presiding judge may conclude that Plaintiff fails to state a federal

claim, which would cause Plaintiff to be assessed a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment excessive force claim against Defendant Dyer.   This case proceeds solely on the claim identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)     Except for Defendant Dyer, and all other claims and defendants are dismissed, without prejudice, as improperly joined.

3)     This case is now in the process of service.   Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.   Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed to terminate Defendants Marano, Thomas, Moss, Nelson, Bret, Benner, and Melvin.**

13) **The clerk is directed to update the docket to reflect that Defendant Dyer's first name is Jason.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendant Dyer pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 7/27/2017

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE